189 So. 775

### SCHWAB v. CARROLL.
### 6 Div. 299.

Court of Appeals of Alabama.
March 21, 1939.

Rehearing Denied April 18, 1939.

Randolph Hobbs, of Birmingham, for appellant.

Harsh, Harsh & Hare and D. M. Griswold, all of Birmingham, for appellee.

RICE, Judge.

This was a suit for damages by appellee (plaintiff) against appellant (defendant).

As stated, without objection, by the learned trial court, in his oral charge to the jury:

"By his complaint, the Plaintiff claims damages of the Defendant basing his claim upon the allegation that on towit the 15th day of July, 1932, he, being a United States mail man, went to the house located at 721 Atkins Avenue, Pratt City, Alabama; that said premises were the property of the Defendant, Jonas Schwab; that as he went up the steps to the premises the same collapsed under him and he received the injury concerning which you have heard him testify, as set out in one or more of the Counts of the complaint.

"The Defendant, defends the case upon the ground that, although he is the owner of the property he was not in possess(ion) of the same and that the premises were in possession of one, John Pride, as tenant of the Defendant, and not as caretaker.

"The Plaintiff's contention, among other things, is that the said John Pride had once been a tenant of the Defendant but at the time of the injury, he was staying in the house as caretaker for the Defendant, and plaintiff's testimony is to that effect.

"The Defendant's contention and testimony is to the effect that he was not a caretaker but was a tenant though he had not paid his rent.

"The parties have a right to frame the issues between themselves in a lawsuit, and if you believe from the evidence that John Pride was a caretaker for the Defendant then you may find for the Plaintiff and assess him such damage that he is entitled to receive.

"On the other hand if you believe from the evidence that the said John Pride was not the caretaker and that he was occupying the premises sole(l)y as a tenant, you may find for the Defendant."

So it will appear that, by agreement, the sole issue litigated was as to whether John Pride was a "caretaker" for defendant, or a "tenant" of defendant's, there being no dispute but that the steps in question were defective, and that appellee was injured on account thereof.

It is enough to say that no ruling, assigned as error, and the exception to which is argued to us, is infected with error prejudicial to appellant's rights.

And the judgment is affirmed.

Affirmed.